1

2

3

4

5

6

7

8

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

9

10

11

12

13

14

15

| | |
|---|---|
| ADAM G. JIMENEZ,                      ) | CV **F 06-1075 AWI SMS** |
|                Plaintiff,              ) | |
|                                        ) | **MEMORANDUM OPINION** |
|        v.                              ) | **AND ORDER ON DEFENDANT** |
|                                        ) | **CHP COMMISSIONER M.L.** |
| CALIFORNIA HIGHWAY PATROL              ) | **BROWN'S MOTION FOR** |
| OFFICER L. BUTLER, et al.,             ) | **JUDGMENT ON THE** |
|                                        ) | **PLEADINGS** |
|                Defendants.             ) | |
| ——————————————————————) | **Doc. # 21** |

16

17    This is an action for damages and injunctive and declaratory relief by plaintiff Adam G.

18 Jimenez ("Plaintiff") against individual Highway Patrol Officers L. Butler and C. Pricolo (the

19 "individual Defendants") and M.L. Brown in his capacity as Commissioner of the California

20 State Highway Patrol ("Brown").  The case arises from an alleged stop, search and arrest without

21 probable cause.  In the instant motion for judgment on the pleadings, Brown moves for judgment

22 on Plaintiff's second and fifth claims for relief that claim against Brown only.  Plaintiff's second

23 and fifth claims for relief request injunctive and declaratory relief under federal law and state

24 law, respectively.  Federal subject matter jurisdiction and supplemental jurisdiction exist

25 pursuant to 28 U.S.C. §§ 1331 and 1343, respectively.  Venue is proper in this court.

26                  **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

27    The factual background of this action is very simple for purposes of this motion.  On

28 October 22, 2005, Plaintiff was stopped by the individual Defendants and four field sobriety tests

1  were administered and Plaintiff's car was searched.  The field tests for intoxication were negative

2  as was the search of the car.  Despite negative field sobriety tests, Plaintiff was arrested for

3  driving while under the influence of alcohol in violation of California Vehicle Code § 23152.

4  Plaintiff was not administered a field breath test, but was transported to a local hospital for a

5  blood alcohol test.  The individual Defendants falsely reported the results of the field sobriety

6  tests and Plaintiff was booked into the Fresno County Jail as a consequence of the false reports.

7  The complaint alleges the arrest was in retaliation for Plaintiff's objections to the stop and

8  search.

9       The complaint in this action was filed on August 15, 2006.  The first claim for relief

10  alleges infringement of Plaintiff's constitutional rights against unreasonable search and seizure in

11  violation of 42 U.S.C. § 1983.  The third claim for relief alleges infringement of rights arising

12  under the United States Constitution and under state law in violation of California Civil Code §

13  52.1 against the individual Defendants.  The fourth claim for relief alleges false arrest against the

14  individual Defendants, presumably under California common law.  The second and fifth claims

15  for relief request injunctive and declaratory relief; the second claim is alleged pursuant to the

16  Federal Declaratory Relief Act, 28 U.S.C. § 2201, and the fifth claim for relief is alleged

17  pursuant to California state law.  Both the second and fifth claims for relief request that the court

18  declare Plaintiff's civil rights violated under federal or state law, respectively, and that the court

19  enter remedial orders against the California Highway Patrol to prevent future occurrences of what

20  Plaintiff alleges is racial profiling and retaliatory arrest.

21       The instant motion for judgment on the pleadings was filed on January 28, 2008.

22  Plaintiff's opposition was filed on February 14, 2008, and Defendants' reply was filed on

23  February 25, 2008.  Plaintiff filed a sur-opposition on February 27, 2008, and Defendants filed an

24  objection and motion to strike the sur-opposition on the same date.  The hearing date for oral

25  argument on Defendants' motion for judgment on the pleadings was vacated and the matter was

26  taken under submission as of March 3, 2008.

27

28                                         2

**LEGAL STANDARD**

Under Rule 12(c) of the Federal Rules of Civil Procedure: "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed. R. Civ. Pro. 12(c).   Judgment on the pleadings is appropriate when, even if all material facts in the pleading under attack are true, the moving party is entitled to judgment as a matter of law.   Judgment on the pleadings is appropriate when, taking everything in the pleadings as true, the moving party is entitled to judgment as a matter of law.   Honey v. Distelrath, 195 F.3d 531, 532 (9th Cir. 1999);   Hal Roach Studios v. Richard Feiner & Co., 883 F.2d 1429, 1436 (9th Cir. 1989).   The allegations of the nonmoving party must be accepted as true, while any allegations made by the moving party that have been denied are assumed to be false.   Hal Roach Studios, 896 F.2d at 1550.   The facts are viewed in the light most favorable to the non-moving party and all reasonable inferences are drawn in favor of that party.   General Conference Corp. of Seventh-Day Adventists v. Seventh Day Adventist Congregation Church, 887 F.2d 228, 230 (9th Cir. 1989); McGlinchy v. Shell Chemical Co., 845 F.2d 802, 810 (9th Cir. 1988); Gingo v. United States Dept. of Education, 149 F.Supp.2d 1195, 1201 (E.D. Cal. 2000).   "[J]udgment on the pleadings is improper when the district court goes beyond the pleadings to resolve an issue; such a proceeding must properly be treated as a motion for summary judgment."   Hal Roach Studios, 896 F.2d at 1550; Fed. R. Civ. Pro. 12(c).   The court may consider the full text of documents referred to in the complaint without converting the motion to a motion for summary judgment, provided that the document is central to plaintiff's claim and no party questions the authenticity of the document.   Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994).

**DISCUSSION**

The instant motion is a motion for judgment on the pleadings as to any claims against California Highway Patrol Commissioner Brown.   Claims against Brown are alleged in the second and fifth claims for relief only.   The Complaint names Brown "in his official capacity for purposes of the declaratory relief sought."   Brown has pointed out that he resigned his post as

3

Commissioner during the pendency of this case.  Brown also moved for judgment on the pleadings as to any possible theories of direct or vicarious liability for damages under state or federal law.  Because the complaint alleges no liability for damages against Brown in his official or individual capacity under state or federal law, the court will not address Browns arguments in these regards.  The court construes the complaint as naming the present commissioner of the California Highway Patrol for purposes of claims requesting declaratory and injunctive relief only.  Hereinafter, the court uses the name of defendant Brown to denote whoever is the proper individual party to be substituted for the California Highway Patrol for purposes of requesting injunctive relief.

The prayers for relief as to the second and fifth claims for relief are identical:

> Plaintiff seeks a declaration from this Court that, based on the factual transaction underlying this proceeding, his rights as outlined hereinabove were violated.  Plaintiff also seeks a remedial order requiring the California Highway Patrol to prevent future such actions by its Fresno County officers, which is necessary based on evidence that [individual Defendants Butler and Pricolo] have repeatedly engaged in this type of illicit behavior.  This declaration may be based on all the facts underlying this proceeding without regard to any issue of qualified immunity, since such immunity only applies to claims for monetary relief.

Doc.# 2 at ¶ 18.

Plaintiff's second and fifth claims for relief each have two components; a request for a declaration by the court that Plaintiff's constitutional rights were violated, and a remedial order to the Highway Patrol (by way of its Commissioner) to prevent future similar infringements of constitutional rights.  Each will be discussed separately.

**I. Declaratory Relief**

As to the first component of the requested relief, a declaration that Plaintiff's constitutional rights were violated, there is no apparent nexus between the requested relief and defendant Brown or the Highway Patrol.  The complaint requests that the *court* declare Plaintiff's rights were violated.  How is this different than a verdict and judgment by the court?  The court cannot see how such a request is anything other than a duplication of Plaintiff's claims against the individual Defendants.  For Plaintiff to prevail on his three claims against the individual

1  Defendants, he will be required to prove that one or more rights arising under the United States

2  Constitution or under California law have been violated.  Normal court practice in a civil case

3  such as the one at bar is to instruct the jury as to the substance of each of the rights in question

4  and to ask the jury to determine, based on the facts adduced at trial, whether each of the rights

5  was violated.  The jury's answer of "yes" or "no" as to each allegation of infringement of a right,

6  and the court's acceptance of the jury's verdict, is in no way different than a declaration that the

7  right(s) was/were infringed or not.

8          Plaintiff's opposition to Brown's motion for judgment on the pleadings focuses mainly on

9  case authority that stands for the proposition that a declaratory relief claim may arise where the

10  plaintiff seeks expungement of the record of an unconstitutional arrest.  The court sees no reason

11  to make any determination as to whether Plaintiff may seek expungement of records by way of

12  declaratory relief in this case because the complaint gives no indication that expungement is a

13  requested relief.  To the extent the complaint mentions expungement, it merely states that

14  "expungement was obtained."  Doc. # 2 at ¶ 13.  The complaint also states that the California

15  Highway Patrol endorsed the expungement.  Id.  There is no indication in the complaint that

16  other, unexpunged, records of arrest exist or that such records are in the possession of any

17  defendant.  The court is at a loss to connect Plaintiff's argument regarding expungement with any

18  claim for relief alleged in the complaint.

19          Plaintiff submitted a sur-opposition in response to Brown's reply brief which pointed out

20  the apparent disconnect between Plaintiff's arguments in his opposition with respect to

21  expungement and the lack of any mention of relief with respect to expungement in the complaint.

22  In the sur-opposition, Plaintiff states:

23              Plaintiff alleged in his complaint that he was seeking declaratory relief
        based in part on his false arrest, and also requested all necessary and proper relief,
24      pursuant to 28 U.S.C. § 2202. [. . . .] The defense asks this Court to find as a
        matter of law, and despite secondary authority supporting [P]laintiff's contention
25      that his state law expunction is insufficient to eliminate all vestiges of his arrest
        record, that plaintiff will suffer no future consequences.  This clearly is not a legal
26      matter that can be resolved on a Rule 12(c) motion.  Therefore, the defense
        argument that further expunction is not requested is erroneous; the plaintiff does
27

28                                          5

not have to state his claims with specificity, only in compliance with [Federal Rule of Civil Procedure] 8.  Nor does plaintiff, contrary to the defense argument , state with specificity in his complaint the future risks to which he might be subject consistent with federal pleading standards.

Doc. # 26 at ¶ 2.

Plaintiff's argument, as the court understands it, is that Plaintiff has no obligation under Rule 8 to plead his request for expungement because the court has authority, pursuant to 28 U.S.C. § 2202 to grant "further necessary or proper relief" based on the declaratory relief granted and because there is no need under Rule 8 to further elaborate on the relief sought.  Plaintiff's argument profoundly misstates both the function of § 2202 and the requirements of Rule 8.

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2).  As discussed above, the complaint in this case, taken at face value, fails to show that Plaintiff is entitled to declaratory relief.  Plaintiff now argues that what he did not state in the complaint – that he would be prospectively harmed by an incomplete expungement of the record of his arrest – entitles him to a grant of declaratory judgment.  Apparently, Plaintiff's argument contends that, in the absence of any express statement of an entitlement to relief, it is sufficient that the complaint invokes 28 U.S.C. § 2202, which presumably stands in for any unstated basis for relief by authorizing "further necessary or proper relief based on a declaratory judgment or decree."

Obviously, this cannot be the case.  The purpose of the complaint is to provide the opposing party with fair notice of the claim against it.  Lynn v. Sheet Metal Workers' Intern. Ass'n,  804 F.2d 1472, 1482 (9th Cir. 1986).  Although the Federal Rules have adopted this flexible pleading policy, a complaint must still give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984) (quoting 2A James W. Moore et al., Moore's Federal Practice ¶ 8.13 at 8-111 (2d ed. 1983)).  The plaintiff must allege, with at least some degree of particularity, overt acts which the defendants engaged in that support the plaintiff's claim.  Id.

The requirement for a "short plain statement" is obviously intended to serve the purpose

6

of notice to the opposing party.  Where, as here, the claim for relief is supported by nothing more than an invocation of the court's authority to provide "further necessary or proper relief," the purpose of notice is not served.  Section 2202 provides authority for the courts to provide *further* relief as appropriate, but it does not state a claim for declaratory relief in the first instance.  See Tayyari v. New Mexico State Univ.,495 F.Supp. 1365, 1365 (D.C. N.M. 1980) (neither section 2201 or 2202 creates federal jurisdiction unless it otherwise exists).  Burford Equip. Co. v. Centennial Ins. Co., 857 F.Supp. 1499, 1502 (M.D. Ala. 1994) (purpose of section 2202 is to extend the court's jurisdiction to effectuate the purposes of declaratory relief *after* such relief has been granted).

To the extent the declaratory relief requested by Plaintiff in claims two and five is intended to obtain a declaration that certain of Plaintiffs rights under the United States Constitution or under state law were violated, that request for declaratory relief is duplicative of relief that must necessarily be granted, if at all, by the resolution of claims one, three and four. To the extent the declaratory relief requested by Plaintiff in claims two and five is related to the expungement of some record, the claims for that relief must fail because the complaint gives no indication that any such relief was requested.  Plaintiff's apparent attempt to invoke the general powers of the court to provide "further necessary or proper relief" in lieu of a plain and direct statement of entitlement, and then to argue the substance of that claim for relief in pleadings outside the complaint is flatly rejected.

## II.  Request for Remedial Order

The second and fifth claims for relief also request that the court issue "a remedial order requiring the California Highway Patrol to prevent future such actions by its Fresno County officers, which is necessary based on evidence that [individual Defendants Butler and Pricolo] have repeatedly engaged in this type of behavior."  Brown's primary ground for judgment on the pleadings with respect to Plaintiff's request for a remedial order is that courts lack jurisdiction to grant injunctive relief to remedy harms that lie solely in the past.  For the reasons that follow, the

1  court agrees with Brown's contention.

2      In <u>City of Los Angeles v. Lyons</u>, 461 U.S. 95 (1983), the case Brown primarily relies

3  upon, the Supreme Court held that a court must inquire into the justiciability of an injunctive

4  remedy irrespective of a damages claim to show that "a present case or controversy regarding

5  injunctive relief" exists in satisfaction of the Article III jurisdictional requirement for standing.

6  <u>Id.</u> at 102.  In addition to the minimal jurisdictional standing requirement that a plaintiff "show

7  he has 'personally . . . suffered some actual or threatened injury as a result of the putatively

8  illegal conduct of the defendant' . . .," the plaintiff seeking injunctive relief must also "adduce a

9  'credible threat' of recurrent injury." <u>LaDuke v. Nelson</u>, 762 F.2d 1318, 1323 (9th Cir. 1985)

10  (quoting <u>Valley Forge Christian College v. Americans United For Separation of Church and</u>

11  <u>State, Inc.</u>, 454 U.S. 464, 472 (1982), and <u>Kolender v. Lawson</u>, 461 U.S. 352, 103 S.Ct. 1855,

12  1857 n.3 (1983)).

13      Although courts of this circuit have shown some hesitance in applying <u>Lyons'</u>

14  examination of Article III standing at the level of the individual claim broadly, <u>see</u> <u>Natural</u>

15  <u>Resources Defense Counsel v. Southwest Marine, Inc.</u>, 28 F.Supp.2d 584, 586 (S.D. Cal. 1998),

16  the Ninth Circuit has "repeatedly recognized that claims predicated upon [. . .] 'speculative

17  contingencies afford no basis for finding the existence of a continuing controversy as required by

18  article III.'" <u>Nelson v. King County</u>, 895 F.2d 1248, 1253 (9th Cir. 1990).  "'The burden of

19  showing a likelihood of recurrence [is] firmly on the plaintiff.' [Citation.]" <u>Id.</u> at 1251, <u>Lyons</u>

20  461 U.S. at 101-102.

21      While there is some degree of uncertainty as to what constitutes a "likelihood" of future

22  harm, <u>Nelson</u>, 895 F.2d at 1250, the <u>Lyons</u> court considered three facts that guided the Court's

23  decision that are pertinent in this case.  First, the court in <u>Lyons</u> noted that the plaintiff could not

24  claim that the harm he suffered – a restraining choke hold applied in the absence of any

25  misbehavior on his part – was authorized by official policy or practices.  <u>Lyons</u>, 461 U.S. at 110.

26  Second, the plaintiff in <u>Lyons</u> was unable to show he was any more likely to suffer a recurrence

27

28                                              8

of the constitutional violation than a member of the population generally.  <u>Id.</u> at 111.  Third, the <u>Lyons</u> Court noted that the issuance of injunctive relief is disfavored on prudential grounds where the federal court would be entangled in "the operation of state law enforcement and criminal justice institutions."  <u>LaDuke</u>, 762 F.2d at 1324 (citing <u>Lyons</u> 461 U.S. at 112).

The facts of this case closely parallel those considered by the <u>Lyons</u> Court in reaching its decision that a showing of likelihood of recurrent injury was lacking.  Here, as in <u>Lyons</u>, Plaintiff makes no claim that a policy or practice exists that authorizes the California Highway Patrol to stop vehicles based on racial profiling and to arrest without probable cause.  At most, Plaintiff has alleged that there exist two officers with a propensity for such actions; a possibility recognized by the <u>Lyons</u> court, <u>see</u> <u>Lyons</u>, 461 U.S. at 108, but found insufficient to demonstrate a credible threat of recurrent injury.  Likewise, Plaintiff has failed allege facts to demonstrate he is any more likely to be stopped and falsely arrested than any other member of the public. Finally, here, as in <u>Lyons</u> the injunctive relief requested would require that this court insert itself into the management of the California Highway Patrol at both the state and local level; exactly the sort of entanglement with state law enforcement the <u>Lyons</u> court counseled against.

To the extent Plaintiff's arguments concerning expungement are intended to establish the existence of a likelihood of recurrent harm in satisfaction of the article III standing requirement, the argument again fails because the complaint does not raise an issue of expungement that the court can address.  Claims two and five of the complaint clearly request the court to intervene in Highway Patrol internal management to assure the correction of a problem that the complaint alleges is a characteristic of only two of its employees.  For the reasons discussed above, the court will not undertake that role.

The court's conclusion that Brown is entitled to judgment as to Plaintiff's second claim for relief is not altered when the court considers Plaintiff's fifth claim for relief, which seeks injunctive and declaratory relief under California law.  To the extent Plaintiff's fifth claim for relief seeks the court's declaration that his rights under the Constitution or California law were

9

1  infringed, that claim fails because it is duplicative of Plaintiff's first, third, and fourth claims for

2  relief.  To the extent Plaintiff's fifth claim for relief seeks declaratory relief related to the

3  expungement of the record of his arrest, Plaintiff has failed to adequately give a short, plain

4  statement of entitlement to relief in conformity with Rule 8 of the Federal Rules of Civil

5  Procedure.

6  　　　　To the extent Plaintiff's fifth claim for relief seeks injunctive relief by way of remedial

7  orders to prevent future occurrences, Plaintiff's claim fails because Plaintiff has not alleged facts

8  that, if proven would indicate that there is a likelihood Plaintiff will experience infringement of

9  his rights in the future.  Under California law; as under federal law, "injunctive relief lies to

10 prevent threatened injury or injury from the past that is likely to recur."  Ernst &Ernst v. Carlson,

11 247 Cal.App.2d 125, 128 (4th Dist. 1966).  Injunctive relief is not available to remedy a

12 completed act."  Id.  Although Lyons' holding that the article III requirement for standing is not

13 met where the likelihood of future harm is not shown does not apply in the context of California

14 law, the indicators used by the Supreme Court in Lyons to determine the likelihood of recurrence

15 – the lack of a policy authorizing the misconduct and the lack of facts to indicate the plaintiff is

16 more likely to suffer a recurrence than the general public – are applicable here to make the same

17 determination.  Because Plaintiff has not (and cannot) allege the existence of a policy authorizing

18 the misconduct complained of, and because Plaintiff has alleged no facts to show that he will be

19 more likely than anyone else to be falsely arrested in the future, his fifth claim for injunctive

20 relief fails because he has failed to demonstrate a likelihood of recurrence of harm.

21 **III.  Leave to Amend**

22 　　　　Brown filed and answer to the complaint on May 7, 2007.  Plaintiff is therefore not

23 entitled to leave to amend as a matter of right.  Notwithstanding any concerns the court may have

24 that the defects in the complaint could be cured by amendment, the court is not clear that further

25 amendment would serve any purpose.  To the extent that it is Plaintiff's purpose to pursue a more

26 complete expungement of the record of arrest, it appears to the court that it retains jurisdiction to

27

28 　　　　　　　　　　　　　　　　　　10

1   issue further orders to accomplish expungement pursuant to 28 U.S.C. § 2202.  If and when the

2   finder of fact declares that Plaintiff suffered the infringement of one or more rights, and assuming

3   that Plaintiff can identify the existence of records not expunged that can be remedied by further

4   order of the court, the court is empowered to make such orders subject to notice to the opposing

5   party and an opportunity to be heard.  28 U.S.C. § 2202.  The court therefor declines to grant

6   leave to amend at this point.  Plaintiff may file a motion to further amend should he so choose.

7

8           THEREFORE, in accordance  with the foregoing discussion, Brown's motion for

9   judgment on the pleadings as to the second and fifth claims for relief only is hereby GRANTED.

10  Plaintiff may file and serve a motion for leave to further amend the complaint and may lodge a

11  proposed amended complaint not later that thirty (30) days from the date of service of this order.

12  No extensions of this thirty-day limit will be granted.

13

14  IT IS SO ORDERED.

15  **Dated:    March 21, 2008          _____/s/ Anthony W. Ishii_____**
                                        UNITED STATES DISTRICT JUDGE

11