EDMUND G. BROWN JR., State Bar No. 37100
Attorney General of California
STEVEN M. GEVERCER, State Bar No. 112790
Supervising Deputy Attorney General
JOHN PADRICK, State Bar No. 155123
Deputy Attorney General
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 323-6708
  Fax: (916) 322-8288
  E-mail: John.Padrick@doj.ca.gov
*Attorneys for Defendants William Butler and Chad Pricolo*

FILED
APR 6 2009
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| ADAM G. JIMENEZ,<br><br>                             Plaintiff,<br><br>v.<br><br>CALIFORNIA HIGHWAY PATROL OFFICER L. BUTLER; CALIFORNIA HIGHWAY PATROL OFFICER C. PRICOLO; UNKNOWN LAW ENFORCEMENT OFFICERS; M. L. BROWN COMMISSIONER, CALIFORNIA HIGHWAY PATROL,<br><br>                            Defendants. | 1:06-CV-01075-OWW-SMS<br><br>**ORDER RE: DEFENDANTS' MOTIONS IN LIMINE** |

This matter came on for hearing on March 30, 2009 regarding the parties' motions in limine. After considering the parties' pleadings and argument, the Court rules as follows:

(1) Defendants moved to exclude all exculpatory facts not known to Defendants at the time of the stop and arrest. This motion is granted and applies equally to both parties, with one exception. Blood alcohol tests taken within one day of his arrest may be admitted, if presented as otherwise competent evidence.

///

1

(2) Defendants moved to permit testimony of non-retained California Highway Patrol employee Aaron Rohner regarding Field Sobriety Testing and Training. Mr. Rohner is not allowed to render expert opinions on any issue related to this case, but may testify to matters within his personal knowledge as a ~~non-retained expert~~ percipient witness. /oww/

(3) Defendants moved to preclude Plaintiff from offering opinion testimony by lay witnesses, including himself. This motion is granted, but lay opinion testimony regarding Plaintiff's sobriety may be permitted given appropriate foundation.

(4) Defendants moved to exclude Plaintiff from offering evidence of his own good character. This motion is granted, subject to the provisions of F.R.E. 608 (a), which allows evidence referring to Plaintiff's character for veracity after Plaintiff's character has been attacked by opinion or reputation evidence, and F.R.E. 608 (b).

(5) Defendants moved to exclude Plaintiff from offering evidence of prior citizen's complaints of Defendants' misconduct. This motion is granted.

(6) Defendants moved to exclude evidence or argument regarding false or inaccurate police report. This motion is granted, with the exception that Plaintiff may be permitted to cross-examine Defendants regarding other reports, if proper foundation is laid and the reports are presented as otherwise competent evidence.

(7) Defendants moved to exclude non-party witnesses from the courtroom. This motion is granted as to all such witnesses. /oww/

(8) Defendants moved to exclude any evidence regarding Defendant's salary, net worth, or financial condition. This motion is granted for the first phase of the trial. /oww/

(9) Defendants moved to exclude evidence not disclosed or supplemented. This motion is granted.

IT IS SO ORDERED

Dated: 4-3-09

/s/ Oliver W. Wanger
Oliver W. Wanger
United States District Judge

SA2007301445

30693584.doc

2